IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  09-cr-00528-WYD

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.    EARL L. HALL,
2.    RENITA L. BLUNT,
3.    ERIC G. ADAMS,
4.    JERMAINE L. HALL,
5.    CONSLYN L. HALL,
6.    TERRANCE R. WRAY,
7.    DEMETRIUS L. HARPER,
    and
8.    COREY D. LADSON,

      Defendants.

---

**ORDER GRANTING MOTION TO DISCLOSE GRAND JURY MATERIAL AND FOR
PROTECTIVE ORDER PURSUANT TO FED. R. CRIM. P. 16(d)(1) AND 6(e)(3)(E)(I)
RELATED TO DISCOVERY AND GRAND JURY MATERIAL**

---

      This matter is before the Court on the government's Motion to Disclose Grand

Jury Material and for Protective Order Pursuant to Fed. R. Crim. P. 16(d)(1) and

6(e)(3)(E)(I) Related to Discovery and Grand Jury Material [Doc. #61].  Having reviewed

the motion, the Court finds as follows:

1.    The Government's discovery in this matter includes a number of documents that

      have personal identifying information subject to redaction under Rule 49.1 of the

      Federal Rules of Criminal Procedure.  This information includes complete Social

      Security numbers, full birthdates, full names of minors, and complete home

addresses of people who are not defendants in this matter.  *See* Fed. R. Crim. P. 49.1(a).

2.  The allegations in this case involve the defendants' misuse of exactly the kind of personal identifying information described above to unlawfully obtain unemployment benefits.  One defendant, Earl Hall, is specifically charged with aggravated identity theft.  Providing the defendant with unfettered access to these materials, without protective measures in place, could result in improper use or dissemination of this materials and could lead to further victimization of innocent people.

3.  The current discovery in this case consists of approximately 8,300 pages.  The personal identifying information described above is found throughout the discovery materials.  Redaction of this information would be extremely time-consuming and would significantly delay the government's provision of discovery to the defendants.

4.  During the course of the investigation which resulted in the indictment in this case, witnesses testified before the grand jury which returned the indictment, and they were shown exhibits.  Another witness testified before a previous grand jury and was shown exhibits.  Defense counsel have requested, and the government is willing to provide, copies of the transcripts of this testimony and related exhibits as part of the discovery in this case.  The grand jury transcripts and exhibits are also rife with personal identifying information.

5.  Rule 16(d)(1) of the Federal Rules of Criminal Procedure gives the Court broad

authorization to issue an appropriate Protective Order governing discovery: "At any time the court may, for good cause, deny, restrict, or defer discovery and inspection, or grant other appropriate relief."  The All Writs Acts also provides authority for the entry of a protective order.  28 U.S.C. § 1651; *see also United States v. Rafaela-Ramirez*, 2009 WL 1537648, *1 (D. Colo. May 29, 2009).

6. With respect to grand jury materials, the Federal Rules of Criminal Procedure further allow the Court to authorize disclosure of such materials "at a time, in a manner, and subject to any other conditions that it directs."  Fed. R. Crim. P. 6(e)(3)(E)(I).

7. Given that the indictment in this case represents a finding of probable cause that the defendants have already engaged in conduct involving the mis-use of personal identifying information, there is good cause for the Court to issue a Protective Order as requested.

Therefore, IT IS ORDERED that:

8. The government is authorized to disclose grand jury transcripts and related exhibits to defense counsel consistent with the procedures described below;

9. The use of all discovery and grand jury materials shall be limited to use in pretrial preparations and official judicial proceedings specifically involving the pending criminal case, including any appeals.  Defense counsel and other members of any defense team, including defense counsels' staff and defense investigators, shall have full access to discovery and grand jury materials for these purposes;

10. Defense counsel shall store, hold, and control all discovery and grand jury

3

materials.  Defendants shall not be allowed to remove discovery or grand jury materials containing personal identifying information from defense counsel's office.  To the extent that a defendant creates notes containing personal identifying information while reviewing discovery or grand jury materials, such notes shall remain in defense counsel's custody and control;

11.    With respect to grand jury materials, defense counsel shall keep a written record concerning how many copies were made, to whom those copies were delivered, and the date of delivery, and defense counsel shall deliver a copy of the Protective Order allowing disclosure with the materials;

12.    No person, other than defense counsel, shall make any copy of the grand jury materials for any purpose; and

13.    At the conclusion of the case in this Court, by entry of the Court's judgment, defense counsel shall collect all such copies of grand jury materials and return them to the government within ten days.

Dated:  January 26, 2010

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge