**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
CHIEF JUDGE WILEY Y. DANIEL**

| | | | |
|---|---|---|---|
| Date: | November 30, 2010 | Probation: | Grant Hanson |
| Courtroom Deputy: | Patricia Glover | Interpreter: | N/A |
| Reporter: | Therese Lindblom | | |

Criminal Case No:  **09-cr-00528-WYD**            Counsel:

UNITED STATES OF AMERICA,                         Matthew T. Kirsch

       Plaintiff,

v.

**1.  EARL L. HALL**,                              Nathan D. Chambers

       Defendant.

**SENTENCING**

**11:19 a.m.**      Court in Session - Defendant present in-custody.

       **Change of Plea Hearing - Wednesday, September 1, 2010, at 2:30 p.m.
Plea of Guilty - counts 1 and 62 of Indictment**

       APPEARANCES OF COUNSEL.

       Court's opening remarks.

The Court addresses defendant's objections and motion for departure as to criminal history.

11:28 a.m.     Statement on behalf of Defendant (Mr. Chambers).

11:33 a.m.     Statement on behalf of Government (Mr. Kirsch).

11:43 a.m.     Statement by Defendant on his own behalf (Mr. Hall).

       Court makes findings.

**ORDERED:**  Government's Motion for Downward Departure Pursuant to 5K1.1 [doc. #290], filed November 15, 2010, is **GRANTED.**

**ORDERED:**  Defendant's Motion for Downward Departure and/or Variant Sentence [doc. #289], filed November 10, 2010, is **DENIED as to the Variant Sentence.**

**ORDERED:**  Defendant be **imprisoned** for a term of 6 months on Count 1, and a consecutive 24-month term of imprisonment as to Count 62, for a total period of incarceration of 30 months.

**Court RECOMMENDS that the Bureau of Prisons place the defendant at F.C.I.**, Pekin, Illinois.

**ORDERED:**  Upon release from imprisonment, defendant shall be placed on **supervised release** for a period of 3 years on Count 1 and 1 year as to Count 62, all such terms to be run concurrently.

**ORDERED:**  **Conditions** of **Supervised Release** are:

(X) Within 72 hours of release from the custody of the Bureau of Prisons, defendant shall report in person to the probation office in the district to which the defendant is released.

(X) Defendant shall not commit another federal, state or local crime.

(X) Defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

(X) Defendant shall comply with standard conditions adopted by the Court.

(X) Defendant shall not unlawfully possess a controlled substance.

(X) The Defendant shall refrain from the unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and two periodic drug tests thereafter for use of a controlled substance.

(X) If the judgment in this case imposes a fine or restitution obligation, it shall be a condition of supervised release that the Defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the schedule of payments set forth in the judgment.

(X) The defendant shall cooperate in the collection of D.N.A. as directed by the probation officer. The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.

**ORDERED:** **Special Conditions** of **Supervised Release** are:

(X) Defendant shall participate in and successfully complete a program of testing and treatment for substance abuse as directed by the probation officer. Defendant shall abstain from the use of alcohol or other intoxicants during the course of treatment and shall pay for the cost of treatment as directed by probation.

(X) The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless defendant is in compliance with the installment payment schedule imposed pursuant to the Court's judgment and sentence. As directed by the probation officer, the defendant shall apply any moneys received from income tax refunds, lottery winnings, inheritances, judgments and any anticipated or unexpected financial gains to the outstanding court ordered financial obligation in this case.

(X) The defendant shall participate in a program of mental health treatment to address anger management, as approved by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant will be required to pay the cost of treatment as directed by the probation officer. The Court authorizes the probation officer to release psychological reports and/or the presentence report to the treatment agency for continuity of treatment.

**ORDERED:** Defendant shall pay **$200.00** Special Assessment to be paid immediately.

**ORDERED:** **No fine** is imposed because defendant has no ability to pay a fine, cost of incarceration or supervision.

**ORDERED:** Defendant to make **restitution** as follows:
**$64,875.00 ( to be made payable to Clerk, U.S. District Court; 901 19th Street, #A-105; Denver, CO  80294 to be disbursed to the following victim(s):**

| Victims | Amount |
|---|---|
| United States Department of Defense | $64,875.00 |

Restitution is ordered jointly and severally with defendant Renita L. Blunt, Case No. 00528-WYD-02, where the amount of restitution is $6,250.00.

***Court determines the defendant does not have the ability to pay interest and the interest requirement is waived for the restitution.***

|  |  |
|---|---|
|  | Any unpaid restitution balance upon release from incarceration shall be paid in monthly installment payments during the term of supervised release. The monthly installment payment will be calculated as at least 10 percent of the defendant's gross monthly wages. |
| **ORDERED:** | Defendant advised of right to appeal the sentence imposed by the Court. Any notice of appeal must be filed within fourteen (14) days. Defendant advised of right to appeal in forma pauperis. |
| **ORDERED:** | Government's Motion to Dismiss with Prejudice Counts 2-11 of Indictment [doc. #304], filed November 24, 2010, is **GRANTED.** |
|  | Order Dismissing with Prejudice Counts 2-11 of Indictment (as to Defendant Earl L. Hall only) is APPROVED BY THE COURT. |
| **ORDERED:** | Defendant is **REMANDED** to the custody of the U.S. Marshal. |
| **11:58 a.m.** | Court in Recess - HEARING CONCLUDED. |
| **TOTAL TIME:** | 39 minutes. |